UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OCTAVIO SANDOVAL,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | No. CV-08-0041-CI<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING CASE TO APPEALS COUNCIL FOR REVIEW PURSUANT TO 20 C.F.R. § 404.967 |

BEFORE THE COURT is Plaintiff's Complaint (Ct. Rec. 4) and Defendant's Motion to Dismiss for lack of jurisdiction (Ct. Rec. 11), noted for hearing without oral argument on May 22, 2008. Attorney Robyn L. Pugsley represents Plaintiff; Special Assistant United States Attorney David Burdett represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 10.) In support of his Motion, Defendant has filed briefing and the Declaration of Dennis Ford, Acting Chief of Court Case Preparation and Review with exhibits. (Ct. Rec. 12, 13.) Plaintiff responded to the Motion with briefing and exhibits. (Ct. Rec. 16.) After reviewing the file, the court **DENIES** Defendant's Motion to Dismiss, finds jurisdiction under 28 U.S.C. § 1361, and remands the case to the Appeals Council for review pursuant to 20 C.F.R. §§

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING
CASE TO APPEALS COUNCIL FOR REVIEW - 1

404.967, .968.

## BACKGROUND

Plaintiff filed an application for disability benefits under Title II on August 20, 2004. On July 16, 2007, an administrative law judge (ALJ) issued an unfavorable decision and denied benefits. A copy of the decision was sent to Plaintiff's representative on July 16, 2007, with a cover letter explaining that if Plaintiff disagreed with the decision, review by the Appeals Council must requested within 60 days from date of receipt of the decision. Plaintiff was instructed that he could file his request at a local Social Security office or a hearing office, or mail it to the Appeals Council in Falls Church, Virginia. (Ct. Rec. 16, Att. 2.)

On November 9, 2007, the Appeals Council received, via facsimile message, a request for extension for time to file a brief and "a second copy of the Claimant's Request for Review that was timely mailed on September 4, 2007" from Plaintiff's representative. (Ct. Rec. 13, Ford Decl., Exhibit 2)  On December 6, 2007, the Appeals Council sent Plaintiff a notice that his request for review had been dismissed as untimely filed, and there was no good cause shown for extending the deadline for filing. (Ct. Rec. 16, Att. 8.)

On February 4, 2008, Plaintiff filed a Complaint, asking this court to remand his case to the Appeals Council for review. (Ct. Rec. 1, 4.) Plaintiff argues the Request for Review was filed when it was mailed, and supports his argument with documentary evidence and sworn Affidavit of Robyn L. Franz, registered paralegal for Plaintiff's counsel. (Ct. Rec. 16, Att. 12, Franz Aff.)  Ms. Franz states under oath that she deposited in the United States Mail repository a signed Request for Review and cover letter, with proper

postage, addressed to the local Social Security Office, E. 811 Sprague Ave., Ste. A, Spokane, WA. (*Id.* at 2-3.) She states the letter mailed was not returned to the representative's office. (*Id.*) Ms. Franz further states she contacted the Social Security Office on November 8, 2007, to follow up on counsel's requested extension of time to file a brief and discovered that neither the local Social Security Office nor the Spokane Office of Disability Adjudication and Review had record of Plaintiff's Request for Review in its data base. She was advised to call the Appeals Council. (*Id.* at 3-4.) The Appeals Council representative told her the September 4, 2007, Request for Review was not in their records, and asked Ms. Franz to fax copies of the September 4, 2007, correspondence. Ms. Franz faxed the correspondence (which is also included in the court file) on November 9, 2007. (Ct. Rec. 13, Att. 2, Ford Decl. at Exhibit 2; Ct. Rec. 16, Att. 12, Franz Aff. at 1-4.)

The record indicates Plaintiff's submissions were considered by the Appeals Council, along with Plaintiff's request for an additional extension of time to file a supporting brief. The Appeals Council found no good cause to extend the time for filing and dismissed Plaintiff's Request for Review on December 6, 2007. (Ct. Rec. 13, Att. 2, Ford Decl. at Exhibit 3.) Plaintiff's request to the Appeals Council that the dismissal be vacated was denied on January 25, 2008. (Ct. Rec. 16, Att. 12, Franz Aff. at 6.)

On May 13, 2008, Plaintiff filed a Complaint requesting this court remand his Social Security case to the Appeals Council for review. He also requests attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d). (Ct. Rec. 1, 4.) Defendant moves to dismiss review of this action, contending Plaintiff failed

to exhaust his administrative remedies and there is no "final decision" following a hearing required to establish subject-matter jurisdiction under 42 U.S.C. § 405(g). Defendant also contends Plaintiff's claim is not collateral to his claim for benefits and, therefore, waiver of the exhaustion requirement is not available. (Ct. Rec. 12.)  In his response to Defendant's Motion to Dismiss, Plaintiff argues he has met the requirements for waiver of the exhaustion requirement.  In the alternative, he invokes the "mailbox rule," asserting that he has provided proof that his Request for Review was mailed on September 4, 2007, an allegation that creates the rebuttable presumption that it reached the Social Security within the 60-day time limit.  He contends the court has mandamus jurisdiction under 28 U.S.C. § 1361.

Upon receipt of Plaintiff's response raising the issues of waiver of the exhaustion requirement and mandamus jurisdiction under § 1361, the court directed Defendant to supplement the record with additional briefing to address these issues as they relate to the facts before the court.  Defendant filed supplemental briefing on mandamus jurisdiction under 28 U.S.C. § 1361, contending the exhaustion of administrative remedies is a prerequisite to mandamus jurisdiction.  Defendant does not challenge Plaintiff's assertion that he meets the waiver of exhaustion requirements, and does not controvert Plaintiff's evidence of timely filing by mailing within the 60 days after receipt of the ALJ's decision. (Ct. Rec. 18.)  In his reply to Defendant's Response to the court's Order, Plaintiff reiterates his argument that mandamus jurisdiction is proper, and requests that the court remand his claim to the Appeals Council. (Ct. Rec. 19.)

**DISCUSSION**

Under regulations promulgated by the Social Security Administration (Regulations), if a Social Security claimant is dissatisfied with an ALJ decision, the claimant can request review by the Appeals Council. A request for review must be filed within 60 days after the date the claimant receives notice of the ALJ's decision. 20 C.F.R. §§ 404.967, .968. "The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge." 20 C.F.R. §404.967. The Appeals Council will dismiss a request for review if filing was untimely and the time for filing has not been extended. 20 C.F.R. § 404.971.

**A.   Exhaustion of Administrative Remedies**

Sections 405(g) and (h) of the Social Security Act require that prior to judicial review of a decision by the Commissioner, a claimant must (1) present his claim to the agency, and (2) exhaust his administrative remedies, and obtain a "final decision . . . made after a hearing." 42 U.S.C. § 405(g), (h); *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The requirement to present a claim to the Commissioner is non-waivable. *Heckler v. Ringer*, 466 U.S. 602, 617 (1984). It is well settled that "the requirement that a claimant appeal an adverse decision within 60 days" is waivable by the Commissioner or the courts. As such, the requirement is not jurisdictional. *Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993)(citing *Bowen v. City of New York*, 476 U.S. 467, 481 (1986)). However, waiver of the exhaustion requirement of 405(g) is available only where a claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that

denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir 2003) (*quoting Johnson*, 2 F.3d at 921).

In his response, Defendant does not challenge the sufficiency of Plaintiff's allegations he has met the requirements for waiver of the exhaustion requirement. (Ct. Rec. 16 at 7; Ct. Rec. 18.) The court may interpret this as agreement that waiver requirements are met. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

In the alternative to the waiver of exhaustion requirements argument, Plaintiff invokes the "mail box rule" and argues he has presented evidence of timely filing by mail. He contends the Appeals Council erroneously refused to review his case, and asks the court to assume mandamus jurisdiction and order remand for review. (Ct. Rec. 16 at 8-13.)

**A.   Common Law "Mailbox Rule"**

The common law "mailbox rule" raises a presumption of mail receipt unless the intended recipient can rebut the presumption by producing credible, probative evidence of non-receipt. *Schikore v. BankAmerica Supplemental Retirement Plan,* 269 F.3d 956, (9th Cir. 2001) (mailbox rule applies in context of ERISA claims). In *Schikore*, the court held that allowing the employer's ERISA plan to rebut the employee claimant's presumption "simply on the basis that the records office now cannot find the document, although there is evidence of mailing," was inconsistent with ERISA's purpose to protect employee rights. *Id.* at 694. Likewise, allowing the Commissioner's simple denial of receipt by the Social Security Administration to rebut the presumption of receipt of a request for

review (*see* Ct. Rec. 12 at 2), is inconsistent with the agency's purpose to assist the disabled. *See City of New York*, 476 U.S. at 480 (Social Security Act is a statute "that Congress designed to be 'unusually protective' of claimants") (citing *Heckler v. Day*, 467 U.S. 104, 106 (1984)); *see also Anderson v. United States*, 966 F.2d 487, 492 (9th Cir. 1992) (IRS did not rebut presumption of timely receipt with evidence that agency did not receive taxpayer's return). Further, as noted by the Second Circuit, the Commissioner's form notice letter instructs a claimant that filing a request for review may be accomplished by "sending a letter, requesting review, directly to the Appeals Council." (Ct. Rec. 16, Att. 2, "Notice of Decision-Unfavorable".) Thus, mailing, by the Commissioner's own interpretation, is an acceptable method of filing. *Dietsch v. Schweikder*, 700 F.2d 865, 868-69 (2nd Cir. 1983).

Plaintiff's representative has submitted evidence of correspondence, dated August 21, 2007, to the Social Security Office requesting copies of the ALJ hearing; a letter from the Social Security office in Falls Church, Virginia, dated August 30, 2007, acknowledging the representative's request for material and sending a CD of the hearing; a cover letter addressed to the local Social Security office, dated September 4, 2007; a Request for Review, dated September 4, 2007, signed by Plaintiff; and a sworn affidavit from the representative's paralegal Robin Franz, that the Request for Review was deposited in the U.S. mail on September 4, 2007. (Ct. Rec. 16.)

Defendant neither addresses the applicability of the common law mailbox rule to this case, nor does he controvert Plaintiff's

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING
CASE TO APPEALS COUNCIL FOR REVIEW - 7

evidence of mailing the Request for Review on September 4, 2007.  He does not dispute Plaintiff's assertion that the proffered evidence of timely mailing satisfies the filing requirement, and he does not offer sufficient evidence to rebut the presumption of delivery and receipt.  Applying the undisputed mailbox rule, the evidence before this court establishes Plaintiff timely filed his Request for Review by mailing.  *Anderson*, 966 F.2d at 492.

**C.   Mandamus Jurisdiction**

Having established timely filing by mailing, Plaintiff requests the court to remand his case to the Appeals Council for review as required by agency Regulations.[1]  (Ct. Rec. 1, 4, 19.)   Plaintiff asserts that this court has mandamus jurisdiction to consider his action under 28 U.S.C. § 1361, which provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Citing *Hironymous v. Bowen*, 800 F.2d 888, 891-93 (9th Cir. 1986), Defendant argues exhaustion of administrative remedies "is also a prerequisite for mandamus action." (Ct. Rec. 18.)  Defendant's reliance on this case, however, is misplaced. In *Hironymous*, plaintiff was a Social

---

[1] The court notes that Defendant misstates Plaintiff's request for relief as "an immediate determination by this Court of his entitlement to Social Security benefits." (Ct. Rec. 18 at 1.) This is not the case; Plaintiff does not seek an award, but seeks enforcement of an agency regulation authorized by the Social Security Act.  This claim is collateral to a claim for benefits. *See Lowry v. Barnhart,* 320 F.3d 1019 (9th Cir. 2003), discussed *infra.*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING CASE TO APPEALS COUNCIL FOR REVIEW - 8

Security claimant seeking substantive review and reversal of a decision of the Commissioner denying his claim for benefits. The court held that Section 405(h) provides the exclusive remedy for review of a substantive claim for benefits, but made the following distinction:

> Rather than contesting a policy, rule, procedure, or other action of the Secretary, Hironymous is simply challenging an isolated decision of the Secretary interpreting the findings of an ALJ. This is the type of dispute that the second sentence of section 405(h) was intended to "prevent review of . . . save as provided in the [Social Security] Act, which provision is made in § 405(g)."

*Hironymous,* 800 F.2d at 892-93 (c*iting Weinberger*, 422 U.S. at 757).

The *Hironymous* court recognized that mandamus jurisdiction is not foreclosed in actions challenging Congressionally authorized regulations, rules and other actions against the Commissioner. *Id*. at 893 n.4. Where policy or procedure is being contested and an award of benefits is not requested, the claim is collateral to a claim for benefits and jurisdiction may be assumed without exhaustion of administrative remedies. *Id*. at 894; *see, e.g., City of New York*, 476 U.S. at 487.

As recognized by the court, judicially enforceable duties may be created where agency regulations impose certain procedural requirements. *Lowry,* 320 F.3d at 1022. In *Lowry*, the court held:

> To be judicially enforceable, a pronouncement must "prescribe substantive rules,--*not* interpretive rules, general statements of policy or rules of agency organization, procedure or practice," and must have been "promulgated pursuant to a specific statutory grant of authority and in conformance with the procedural requirements imposed by Congress."

*Id.; see also Dietsch,* 700 F.2d at 868 (district court has mandamus jurisdiction to consider claim that Appeals Council had duty to review after timely filing of request for review). Section 1361 "is

an appropriate basis for jurisdiction in an action challenging procedure used in administering social security benefits." *Kildare*, 325 F.3d at 1084; *Johnson*, 2 F.3d at 924-25. Mandamus jurisdiction is proper where, as here, a Social Security claimant seeks "to vindicate an interest in procedural regularity." *Powderly v. Schweiker*, 704 F.2d 1092, 1095 (9th Cir. 1983) (citing *Ringer v. Schweiker*, 697 F.2d 1291 (9th Cir. 1982)). Because Plaintiff is challenging the Appeals Council's failure to follow the agency's substantive Regulation, as published in the Code of Federal Regulations, and is not appealing the ALJ's denial of benefits or other discretionary act, the court may assume mandamus jurisdiction to determine if the Appeals Council failed to perform a duty was owed Plaintiff. *Kildare,* 325 F.3d at 1084; *Johnson*, 2 F.3d at 924; *Hironymous*, 800 F.2d at 890-91; *Dietsch*, 700 F.2d at 868.

Mandamus relief, however, is an extraordinary remedy that "is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain, (2) the official's duty is nondiscretionary, ministerial and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare,* 325 F.3d at 1084 (*citations omitted*). As discussed above, Plaintiff presents credible and sufficient evidence of timely filing by mailing to raise the rebuttable presumption of receipt by the Social Security Office in Spokane within the requisite 60 days. Defendant has not rebutted the presumption. *See Anderson*, 966 F.2d at 492 ("[t]he district court's conclusion that the government failed to rebut the presumption of delivery is in essence, a credibility determination" and, therefore, reviewable for "clear error"). Plaintiff's claim for relief is clear and certain -

he seeks judicial enforcement of a procedural Regulation and requests remand of his case to the Appeals Council for review. The Regulations, which are binding on the Commissioner, clearly establish the Commissioner's non-discretionary duty to review an ALJ decision upon timely filing by a claimant of a Request for Review. Further, Plaintiff has attempted all other avenues of relief, and no other remedy is available to address Plaintiff's procedural claim or enforce his right to review. *Kildare*, 325 F.3d at 1084; *Dietsch*, 700 F.2d at 868. Mandamus relief as requested by Plaintiff is warranted.

**CONCLUSION**

Plaintiff has provided uncontroverted, credible evidence that his Request for Review was mailed to the local Social Security office on September 4, 2007, within 60 days of the ALJ's unfavorable decision, pursuant to 20 C.F.R. § 404.967. Defendant has not rebutted the presumption that the mailing was received by the Social Security office in the usual time. Therefore, Plaintiff timely filed a request for review as required by 20 C.F.R. § 404.968. District court has mandamus jurisdiction to compel the Appeals Council to perform its non-discretionary duty to review Plaintiff's request after a timely Request for Review. Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion to Dismiss **(Ct. Rec. 11 )** is **DENIED**;

2. The matter is remanded to the Appeals Council for review pursuant to 20 C.F.R. § 404.967 and .968.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING
CASE TO APPEALS COUNCIL FOR REVIEW - 11

provide a copy to counsel for Plaintiff and Defendant.  The file shall be **CLOSED** and judgment entered for Plaintiff.

DATED August 8, 2008.

```
                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE
```